IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD E. BATCHELLOR,

        Plaintiff,

vs.                                  Case No. 06-1113-JTM

McPHERSON COUNTY, KANSAS,

        Defendant.

MEMORANDUM AND ORDER

      This case is before the court on the Motion for Summary Judgment of the defendant, McPherson County, Kansas. Plaintiff Richard Batchellor has brought the present action against the Commissioners alleging that he was removed from his position as County Appraiser because of his age, and that as a result the defendant violated his rights under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*. For the reasons stated herein, the court will grant the defendant's motion.

      Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual

allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a **genuine issue for trial**.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

**Findings of Fact**

In 1995, Batchellor was appointed by the Commissioners to serve as McPherson County Appraiser, to fill an unexpired term after the previous appraiser resigned. Under Kansas law, the County Appraiser is a statutory, politically-appointed position in the State of Kansas. (K.S.A. 19-430). Batchellor was reappointed to the position on June 17, 1997 and June 5, 2001. On each occasion, the reappointment provided for a term of four years "and until a successor shall be appointed." (Terry Dep. Exh. 14).

On March 8, 2005, Batchellor met with the Commission in executive session to discuss non-elected personnel in his office. According to Batchellor, two of the three Commissioners (Terry and Patrick) then indicated to him that they would not support his reappointment. However, it is uncontroverted that the Board took no official vote or action on the matter, either in the executive

session or in the remainder of the open session. Batchellor did not ask the Board to vote on his reappointment in 2005.

After the meeting, Batchellor told the employees in his department that he was not going to be reappointed. He also told his deputy she would have to handle all of the tax appeal hearings, beginning immediately. Later, County Administrator Rick Witte asked Batchellor why he had made these announcements, when there had been no vote by the Board of County Commissioners and no request for such a vote was made in open session.

Witte told the Board what he had heard from Batchellor. The Board then voted in open session on March 15, 2005 to accept applications for the Appraiser position. Witte told Batchellor that he could also submit an application.

On April 26, 2005, Batchellor wrote to the County: "This letter is to inform you that my last day will be May 13, 2005." (Pretrial Order, Stipulation ¶ 2). Batchellor subsequently left his employment with McPherson County on that date, which was some six weeks prior to the June 30 end of his appointed term.

Batchellor was born on December 19, 1953, and was 51 at the time he left his employment with the County.

At the time Batchellor resigned, the County employed 58 employees younger than 40 years old; 56 employees who were 40 to 49 years of age; and 70 employees who were 50 or older.

On May 17, 2005, the Commission voted to offer the vacant position of County Appraiser to Dianna Carter, effective July 1, 2005. Carter was appointed Appraiser on July 5. Carter had previously been Marion County Appraiser, and had previously worked in the McPherson County Appraiser's office and the State of Kansas Property Valuation Department. She met all of the statutory qualifications for County Appraiser. She was born on September 15, 1959, and was 46 at the time she was appointed to the position of McPherson County Appraiser.

All three of the County Commissioners at the time Batchellor left his position at McPherson County were older than Batchellor: Commissioner Terry was 64; Commissioner Schroeder was 54; Commissioner Patrick was 65.

No County Commissioner has ever said anything that led Batchellor to conclude that he was being discriminated against on the basis of his age. No one has ever told Batchellor that any County Commissioner said anything that Batchellor believes indicated they intended to discriminate against him on the basis of his age.

On November 28, 2005, Batchellor filed a claim with the Equal Employment Opportunity Commission (EEOC) alleging he had been terminated because of his age. Based on its investigation, the EEOC found no probable cause to credit Batchellor's allegations of age discrimination. Batchellor filed this action against the County on April 26, 2006.

Batchellor contends he had to leave his position prior to the end of his term because of a hostile working environment. Asked to describe this hostile working environment in his deposition, Batchellor testified that his application for continuing education was cancelled by Witte, and that Dee Parrish, the Deputy Appraiser, had instructed the office staff to do things in the office differently:

> Specifically I had made arrangements, because the county clerk's office was short of help, so that they could continue to be open during lunch. I had assigned a couple of individuals to cover the office for her. What happened was, is that the deputy appraiser at that time went behind my back, changed the arrangement, basically undermined my authority as the county appraiser, redid what I had — or had negated what I had done. And then purported that it was even her idea to do it.

(Batchellor Dep. at 33-34). Both the event involving Parrish and the cancellation of the continuing education occurred after Batchellor had told the staff he was not going to be reappointed to the Appraiser position. Witte told Batchellor that the County was not going to pay for the continuing education "since he was leaving McPherson County." (Witte Dep. at 58). At the time, Batchellor already had sufficient continuing education credits for the year. Deputy Appraiser Parrish was 57 years old at time, six years older than Batchellor.

4

Batchellor also states as an alleged fact in his Response that Commissioner Patrick told the Appraiser's Office staff that he was not being reappointed because they wanted someone with more commercial experience.  However, the allegation is not supported by admissible evidence, but is instead the product of multiple hearsay.  The only source cited for the alleged fact is Batchellor's own testimony, but Batchellor concedes in his deposition that he was not present when the comment was allegedly made.

Batchellor also asserts that the County was able to save money when he was not reappointed, by saving on benefits.  However, the cited deposition testimony refers only to a single benefit – paid time off. Under McPherson personnel policy, Batchellor would receive one additional hour of paid leave per pay period, after completing ten years of employment. In 2005, Batchellor was already entitled to seven hours of paid leave per pay period.  But since he was a salaried employee who was not replaced when he was away from the office, the accrual of an additional paid leave time would not have resulted in any additional expenditure by McPherson County.  As a result there is no evidence that the County received any savings when Batchellor left his position.

It is uncontroverted that Carter had less experience in appraising than Batchellor.  However, there is no evidence that she was unqualified for the McPherson County position.  Carter had worked in the Property Valuation Division for the Kansas Department of Revenue and served as Marion County Appraiser, where she was responsible for appraisals of more than 400 commercial properties. It is uncontroverted that Carter was the best qualified applicant for the position, and that Batchellor did not submit an application.

Finally, Batchellor advances various allegations of alleged discriminatory treatment by Carter toward Appraiser's Office staff after she took over the job.  These allegations have no relevance, however, to the claim that the Board of County Commissioners had previously discriminated against Batchellor.  Further, the evidence involves personal speculation of discriminatory intent rather than any direct and substantial evidence of such intent or conduct.

**Conclusions of Law**

Summary judgment is appropriate because Batchellor fails to demonstrate a prima facie case of age discrimination since he has failed to show the existence of any adverse employment action against him. *See Bolton v. Sprint/United Mgmt. Co.*, No. 06-3042, 2007 WL 666339 (10th Cir. March 6, 2007); As the facts establish, the County had taken no official action against Batchellor prior to his resignation. Under Kansas law, binding action is taken only when the Board of County Commissioners actually votes in an open meeting. K.S.A. 75-4318(a); K.S.A. 75-4319(c) ("No binding action shall be taken during closed or executive recesses."). *See* Kan. Op. Atty. Gen. No. 84-50, 1984 Kan. AG LEXIS 81. A plaintiff must show actual, adverse employment action, not merely that she anticipated such action might happen in the future. *Kennedy v. GMC*, 226 F. Supp. 2d 1257, 1267 (D. Kan. 2002).

In his Response, Batchellor does not attempt to argue that he was in fact officially removed from office. Rather, he suggests that he was subjected to constructive termination. The defendant states that such an argument should not be advanced at the present time, since Batchellor has never previously argued constructive discharge, only that he was "terminated" by the defendant. (Dkt. No. 36, Pretrial Order, at 12). In his Response, Batchellor offers no justification for advancing the theory of constructive discharge only in response to the defendant's Motion for Summary Judgment, and the court finds no reason it should be advanced here for the first time.

Further, Batchellor also fails to cite any authority discussing what constitutes constructive termination, or how the facts of this case fit within the case law. (Dkt. No. 43, at 10-12). Constructive discharge requires proof that the plaintiff faced such an intolerable working environment that any reasonable person would have felt compelled to resign. *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 805 (10th Cir. May 14, 2007); *Sandoval v. City of Boulder*, 388 F.3d 1312, 1325 (10th Cir. 2004). This is a "substantial" burden, which requires proof that "'the working conditions imposed by the employer are not only tangible or adverse, but intolerable.'" *PVNF*, 487 F.3d at 805, quoting *Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1270-71 (10th

6

Cir.2004).The court finds nothing in this case which would have compelled a reasonable person to resign.

At the time of his resignation, one County Commissioner had indicated that he could not support Batchellor's reinstatement, and another is alleged to have said "ditto." But the Commissioners had taken no official action. Batchellor complains that the County began to advertise for a replacement, but this occurred after Batchellor had told his staff he was leaving. He also complains that the County prevented him from attending continuing education, but it is uncontroverted, first, that Batchellor had already acquired the requisite number of hours, and, second, that the denial of the request happened after Batchellor indicated he would no longer be the Appraiser. Finally, Batchellor complains that his deputy reversed his directive for the office to stay open over the lunch hour. Again, this action by the deputy happened after Batchellor had already announced his voluntary lame duck status. Taken individually or collectively, the court finds nothing in the facts which would compel a reasonable person to quit rather than to continue to serve as County Appaiser. Since Batchellor has failed to show the existence of any adverse employment action, he has failed to present a prima facie case of age discrimination.

In addition, the court holds that the facts in the present case fail to raise any inference of discrimination, since Batchellor was not replaced by an employee who was significantly younger. *See O'Connor v. Consoldiated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). Here, Batchellor (51 years old) was succeeded as County Appraiser by the five-years younger Carter (46 years old).

Batchellor correctly notes that the Tenth Circuit has refused to adopt a bright-line rule that a five-year age difference is always insignificant for purposes of ADEA claims. *Whittington v. Nordam Group*, 429 F.3d 986 (10th Cir. 2005). The court noted:

> The replacement of a 45-year-old by a 40-year-old would be less suspicious than the replacement of a 62-year-old by a 57-year-old. Comparing a 62-year-old worker with one who is 57, an employer may think it better to retain someone who will stay with the company another eight years (until age 65) rather than one who would be retiring in three years, less than half the time. Or a company may simply wish to rid itself of its older workers, beginning with the oldest.

Id. at 996.

However, while there may be no bright-line rule, the court finds that in the present case there are no additional circumstances which would suggest the five-years age difference here is indeed significant. This is not a case where the Commission began to rid itself of its oldest employees. The evidence establishes that the County had an older work force, that most of the workers were in fact older than the plaintiff, and that the decision-making Commissioners were all older than the plaintiff. As noted earlier, there is no evidence that the Commissioners would have hoped to materially gain through the termination of the plaintiff. And this is not a case, as in the hypothetical posed in *Whittington*, where the terminated plaintiff was in her sixties and on the verge of retirement. The plaintiff was only 51 years old. The age difference here is very similar to that presented in *Kitchen v. Burlington Northern and Santa Fe Railway Co.*, 298 F. Supp.2d 1193, 1201 (D. Kan. 2004) (51-year-old plaintiff replaced by 45-year-old employee), where Judge Van Bebber held that the age difference was not significant.

As a result, the court finds that Batchellor has failed to show he was replaced by a significantly younger worker, and thus again has failed to present a prima facie case of age discrimination.

IT IS ACCORDINGLY ORDERED this 31st day of July, 2007, that the defendant's Motion for Summary Judgment (Dkt. No. 37) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE